PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| BEAVER STREET INVESTMENTS, LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | CASE NO. 5:22-CV-00006 |
| v. | ) ) ) | JUDGE BENITA Y. PEARSON |
| SUMMIT COUNTY, OH, | ) ) ) ) | **MEMORANDUM OF OPINION & ORDER OF DISMISSAL** |
| Defendant. | ) ) | [Resolving ECF No. 7] |

Pending before the Court is ECF No. 7, Defendant's Motion to Dismiss. Having reviewed the parties' briefs and relevant law, the Court finds that Plaintiff filed this case outside of the applicable statute of limitations. The Court, therefore, grants Defendant's motion and dismisses the case.

I. Background

Plaintiff's claims arise from administrative tax foreclosure proceedings regarding delinquent taxes on parcels of land owned by Plaintiff. On November 1, 2017, the Summit County Fiscal Officer commenced an administrative tax foreclosure action before the Summit County Board of Revision ("BOR") against Plaintiff for unpaid taxes on certain parcels of land.[1] The County's foreclosure action was authorized under Ohio Revised Code §§ 323.65 through 323.79.

---

[1] *Kristen M. Scalise v. Beaver Street Investments*, LLC, Case No. CV-2017-11-4588. The parcels of land in question are the properties located at 182 Beaver Street, Akron, Ohio 44304 and Annadale Avenue, Akron, Ohio 44304, PPN# 67-03901, 67-56179, 67-55917, 67-56180.

(5:22-CV-0006)

On June 3, 2019, the BOR issued its final adjudication of foreclosure. *See* ECF No. 7-2. Pursuant to that final adjudication, the County opted for the alternative right of redemption, meaning that Plaintiff had 28 days from the date of the final adjudication to pay the taxes owed, or automatically lose the property without further action of the BOR. *Id*.

On June 27, 2019, Plaintiff filed a Petition for Chapter 11 Bankruptcy. ECF No. 7-4. The Bankruptcy petition temporarily stayed the implementation of the BOR's final judgment, stopping the clock on the alternative right of redemption. *Id*. The stay was lifted by the Bankruptcy Court, pursuant to a Motion from the County on January 17, 2020. *See* ECF No. 7-5. With the stay having been lifted, the BOR held that the 28-day Statutory Redemption ended as of January 21, 2020. *See* ECF No. 13-2. Plaintiff did not make the necessary redemption payment, and the redemption period expired on January 21, 2020.

The County did not sell the property, rather it transferred the property to its land bank, pursuant to O.R.C. § 323.78. Generally, after a foreclosure, if the County sells the property at auction, it may not keep any *excess proceeds*---that is amounts greater than what was owed on the taxes, pursuant to O.R.C. § 5721.20. However, when the property is transferred to the landbank, the landbank keeps the full value of the property regardless of the amount of taxes owed. *Id*. In this case, Plaintiff argues that the County's retention of the excess proceeds---difference between the taxes owed and the value of the property---is an illegal taking.

Plaintiff filed this lawsuit on January 3, 2022, seeking compensation for the excess proceeds resulting from the taken property, by means of the takings clause of the Fifth Amendment, the Fourteenth Amendment, and Section 42 U.S.C. § 1983. Defendant makes multiple arguments in its Motion to Dismiss, many of which are now moot because of Plaintiff's

2

(5:22-CV-0006)

subsequent voluntary dismissals.[2]  Only two arguments made by Defendant remain viable.  First, that Plaintiff's claim contravenes the relevant statute of limitations.  Second, that Plaintiff has failed to state a claim for which relief can be granted because Plaintiff does not have a property interest in the excess proceeds sought that can sustain its takings claim.

## II.     Standard of Review

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must take all well-pleaded allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).  A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678.  A pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557.  It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  The plausibility standard is not akin to a "probability requirement," but it suggests

---

[2] *See* ECF No. 14 recognizing ECF Nos. 11, 12.

(5:22-CV-0006)

more than a sheer possibility that a defendant has acted unlawfully. *Twombly*, 550 U.S. at 556. When a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id. at 557* (brackets omitted). "[When] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)). The Court "need not accept as true a legal conclusion couched as a factual allegation or an unwarranted factual inference." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citations and internal quotation marks omitted).

On a motion made under Rule 12(b)(6), the Court's inquiry is generally limited to the content of the complaint, "although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account without converting the motion to one for summary judgment." *Ira Svendsgaard and Assoc., Inc. v. Allfasteners USA, LLC*, No. 1:20CV0328, 2021 WL 4502798, at *3 (N.D. Ohio Oct. 1, 2021) (Nugent, J.) (citing *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016)).

III. Analysis

A. Statute of Limitations

The appropriate statute of limitations for a claim brought pursuant to § 1983 is the relevant state's statute of limitations for personal injury actions. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Ohio, that statute of limitations is two years. *Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007). Ordinarily, the limitations period starts to run when the plaintiff knows or has reason to know of the injury which is the basis of his action*." Kuhnle Brothers, Inc. v. County of Geauga*, 103 F.3d 516, 520 (6th Cir.1997). However, the doctrine for the statute of

4

(5:22-CV-0006)

limitations for takings cases is closely related to the concept of ripeness for takings cases, which itself is quite complex. There is a special category of ripeness doctrine for a takings cases that varies greatly because of the interplay between ripeness principles, deference to state procedures, and substantive constitutional principles. *See* Wright & Miller, 13B Fed. Prac. & Proc. Juris. § 3532.1.1 (3d ed.).

In this case, the primary dispute between the parties is when this two-year statute of limitations began to run. Defendant argues that the case became ripe for adjudication once a final decision had been made adjudicating the foreclosure. Defendant also argues that this final decision was issued on June 3, 2019, meaning that that the statute of limitations would have run or expired on June 3, 2021. Therefore, Plaintiff's case, which was filed on January 3, 2022, would have been filed outside of the applicable statute of limitations.

Plaintiff argues that its case was not ripe for adjudication until the property was actually taken after statutory redemption period ended, which occurred on January 21, 2020. Meaning that the statute of limitations would not have run until January 21, 2022. Essentially, Plaintiff argues that the June 3, 2019, adjudication was not final, because Plaintiff still retained the equity of redemption, precluding finality.

The right of redemption in this case is defined by statute at 323.65 which states:

(J) Alternative redemption period, in any action to foreclose the state's lien for unpaid delinquent taxes, assessments, charges, penalties, interest, and costs on a parcel of real property pursuant to section 323.25, sections 323.65 to 323.79, or section 5721.18 of the Revised Code, means twenty-eight days after an adjudication of foreclosure of the parcel is journalized by a court or county board of revision having jurisdiction over the foreclosure proceedings. Upon the expiration of the alternative redemption period, the right and equity of redemption of any owner or party shall terminate without further order of the court or board of revision. As used in any section of the Revised Code and for any proceeding under this chapter or section 5721.18 of the Revised Code, for purposes of determining the alternative redemption period, the period commences on the day immediately following the journalization of the adjudication of foreclosure and ends on and includes the twenty-eighth day thereafter.

(5:22-CV-0006)

O.R.C § 323.65

The parties agree that the most recent Sixth Circuit case discussing the controlling case law is *Harrison v. Montgomery County, Ohio* 997 F.3d 643 (6th Cir. 2021).  However, the parties read the disposition of the case differently.  Defendant reads the case as a clear indication that the statute of limitations began to run, when a final decision was made about Plaintiff's property.  Plaintiff, however, reads the same case to mean that the statute of limitations began to run at the date of the transfer of the property.  The parties interpret the same case differently because *Harrison* did not address the statute of limitations issue directly, but rather considered the question of whether the case was ripe for adjudication for the purposes of claim preclusion.

In *Harrison*, the Sixth Circuit recounted how the Supreme Court in *Knick v. Twp. of Scott, Pennsylvania,* 139 S. Ct. 2162, 2179, 204 L. Ed. 2d 558 (2019), altered the ripeness jurisprudence to remove the previous state court litigation requirement of a previous case *Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City,* 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985).  The Circuit in *Harrison* acknowledged, that what remained after *Knick* was the final decision standard from *Williamson*.  *Harrison, 997 F. 3d at 650*.  In applying this law to the facts in *Harrison*, the Circuit also found that: "Until it became clear the State would seize Harrison's surplus equity by transferring title—a decision reached only when the Board adjudicated the foreclosure—no taking occurred."  *Id.* at 651.

From the text of *Harrison,* is it is apparent that the instant case became ripe when the taking occurred on the final adjudication on June 3, 2019.  This adjudication was final because the BOR's adjudication clearly ordered that the County would not sell the land but to transfer the land to the land bank.  ECF No. 7-2 at PageID #: 98.  Therefore, at the time of final adjudication, it was "known to a reasonable degree of certainty" what would happen to the property, making

6

(5:22-CV-0006)

the case ripe for judicial review. See *Palazzolo v. Rhode Island*, 533 U.S. 606, 620 (2001)(explaining "once it becomes clear that the permissible uses of the property are known to a reasonable degree of certainty, a takings claim is likely to have ripened"). That the statutory redemption period had not terminated did not preclude the finality of the BOR's decision.

Plaintiff's reliance on a district court case, *Tarrify Properties,* does not save Plaintiff's claim. Plaintiff argues that because the court in *Tarrify Properties* mentioned both the adjudication date and the date the sheriff transferred the property to the landbank, that the court relied on the property transfer date for statute of limitations purposes. See *Tarrify Properties, LLC v. Cuyahoga Cnty., Ohio*, No. 1:19-CV-2293, 2020 WL 4043105, at *5 (N.D. Ohio July 17, 2020). The court in *Tarrify Properties*, however, did not explicitly hold that the date of the taking for the purpose of the statute of limitations was the date the sheriff took the land after the redemption period. More importantly, regardless of which date the court in *Tarrify Properties* relied on for its analysis that plaintiff's claim was barred because that plaintiff had waited three years after both dates to file its claim. Therefore, the statute of limitations would have run regardless of the final date on which the court in *Tarrify Properties* relied.

Lastly, although the Bankruptcy Court temporarily stayed execution of the adjudication of the BOR, the stay does not save Plaintiff's claim. Even under a tolled statute of limitations, Plaintiff's case would still have been filed outside of the statute of limitations. Under 11 U.S.C. § 108(a), Plaintiff was required to have filed this action by the end of the "regular" statute of limitations or two years after the filing of the bankruptcy petition. Two years after the filing of the bankruptcy petition was June 27, 2021. Plaintiff filed this case on January 3, 2022, so Plaintiff missed that cutoff as well.

(5:22-CV-0006)

Accordingly, Defendant's Motion to Dismiss is granted because Plaintiff filed its claim outside of the statute of limitations. The two-year statute of limitations expired on June 3, 2021. Plaintiff did not file this case until January 3, 2022, one year later.

### B. Merits Argument

Defendant makes multiple arguments in support of its motion to dismiss the takings claim in Count One. Because the Court concludes this claim is barred by the statute of limitations, the Court does not address the arguments of the parties on the merits of the takings claim in Count One. *See, e.g.*, *Elliot v. General Motors LLC*, ---F.Supp.3d----, No. 21-12561, 2022 WL 1815494, at *2 (E.D. Mich. June 2, 2022)("Defendant makes several arguments in favor of dismissing Plaintiff's implied warranty claim. Because the court finds that this claim is barred by the statute of limitations, it need not consider Defendant's additional arguments.").

### IV. Conclusion

Accordingly, for the reasons above, the Court dismisses the case.

IT IS SO ORDERED.

| | |
|---|---|
| June 17, 2022 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |